THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT LEE ROSSER, Appellant.

Third Department, February 25, 1971.

*George H. Barber* for appellant.

*Arnold W. Proskin, District Attorney (Daniel G. Moriarty* of counsel), for respondent.

GREENBLOTT, J. This is an appeal from a judgment of the County Court of Albany County, rendered May 11, 1970, convicting defendant on his plea of guilty of criminal sale of a dangerous drug.

At the time of the sentencing appellant replied to the statutory inquiry, as to whether he had any cause why judgment should not be pronounced, that he was an addict and wanted to be helped. Nevertheless, the trial court sentenced him to the custody of the New York State Department of Correction for three years. He seeks resentencing, contending that the provisions of sections 207 and 208 of the Mental Hygiene Law were not complied with.

Section 207 provides that "every person charged with * * * a violation of any offense defined in article two hundred twenty of the penal law * * * who * * * when he appears before the court, shall state, indicate or show symptoms, or it otherwise appears, that he is a narcotic addict, shall undergo a medical examination to determine whether he is a narcotic addict."

Subdivision 1 of section 208 provides that "where a defendant has undergone a medical examination pursuant to section two hundred seven of this chapter and has pleaded guilty to or has been found guilty of a felony, misdemeanor or the offense of prostitution, the court shall not impose sentence prior to receiving the report of such medical examination." While conceding that these provisions of law were not complied with, respondent argues that appellant consented to sentencing and thereby waived objection.

This contention is unavailing in view of the mandatory provisions of the statute. The matter should be remitted to the County Court for resentencing in accordance with the procedures mandated by sections 207 and 208 of the Mental Hygiene Law, and section 60.15 of the Penal Law.

The judgment should be reversed, on the law, and matter remitted to the County Court of Albany County for proceedings not inconsistent herewith.

HERLIHY, P. J., STALEY, JR., COOKE and SWEENEY, JJ., concur.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for proceedings not inconsistent herewith.